# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jennifer Dean

**DEFENDANTS**
Lockheed Martin Corporation

**(b)** County of Residence of First Listed Plaintiff: Burlington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery County MD
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Esq., Console Mattiacci Law, 110 Marter Ave, Suite 502, Moorestown, NJ 08057

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101 et seq.; 29 US.C. §2601, et seq.; N.J.S.A. §10:5-1, et seq.

Brief description of cause:
Plaintiff was discriminated against because of her disability.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 7/18/2025

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **JENNIFER DEAN** | : | |
| | : | |
| **Plaintiff,** | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| **LOCKHEED MARTIN CORPORATION** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendant** | : | |

**CIVIL ACTION COMPLAINT**

I.   **INTRODUCTION**

Plaintiff, Jennifer Dean, brings this Complaint against her former employer, Lockheed Martin Corporation, for violations of the Americans With Disabilities Act, 42 U.S.C §12101 *et seq.* ("ADA"); the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* ("FMLA"); and the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1, *et seq.* ("LAD").

Plaintiff was employed by Defendant for over twenty-two years. Within just one year of commencing a medical leave of absence, her position was filled with another employee; she was denied the reasonable accommodation of a twenty-pound lifting restriction; and she was terminated for not finding another position within an arbitrary 30-day window of time.

Defendant discriminated against Plaintiff because of her disability and retaliated against her for taking a medical leave of absence and seeking a reasonable workplace accommodation. Plaintiff seeks all damages allowed by law, including backpay, front pay, compensatory damages, punitive damages, reasonable attorney's fees and cost, and all other relief that this Court deems appropriate.

**II.     PARTIES**

1. Plaintiff, Jennifer Dean, is an individual residing in Marlton, NJ.

2. Defendant Lockheed Martin Corporation is a Maryland corporation with a principal place of business located in Bethesda, Maryland.

3. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the State of New Jersey.

4. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

5. At all times material hereto, Defendant acted as an employer of Plaintiff within the meaning of the statutes that form the basis of this matter.

6. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes that form the basis of this matter.

**III.    JURISDICTION AND VENUE**

7. The causes of action set forth in this Complaint arise under the ADA, the FMLA, and the LAD.

8. The District Court has jurisdiction over Counts I and II pursuant to 28 U.S.C. §1331.

9. Alternatively, the District Court has diversity jurisdiction over all Counts pursuant to 28 U.S.C. §1332, as Plaintiff is a citizen of New Jersey and Defendant is not a citizen of New Jersey.

10. The District Court has supplemental jurisdiction over Count III pursuant to 28 U.S.C. §1367.

11. Venue is proper under 28 U.S.C. §1391(b).

12. On January 13, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of the various acts of discrimination and retaliation set forth herein. The EEOC Charge is attached hereto at Exhibit A.

13. On April 23, 2025, the EEOC issued Plaintiff a Notice of Dismissal and Right to Sue. The Notice of Dismissal and Right to Sue is attached hereto as Exhibit B.

14. Plaintiff has complied with all administrative prerequisites for the commencement of this action.

IV. **FACTUAL ALLEGATIONS**

15. Plaintiff was hired by Defendant on or about July 30, 2001.

16. Plaintiff worked out of Defendant's Rotary & Mission Systems ("RMS") Manufacturing site in Moorestown, NJ.

17. At all relevant times, Plaintiff held the position of Logistics Analyst.

18. At all relevant times, Plaintiff reported to Colleen Mason, Stockroom/Warehouse lead.

19. Mason reported to Connie Moody, Manager.

20. As a Logistics Analyst, Plaintiff was responsible for the review and implementation of the Moorestown Repair Center's stockroom production control processes.

21. Plaintiff was in charge of recording the receipt of material in the stockroom, ensuring inventory accuracy, issuing parts for requisitions and providing property inventory status reports to program and functional management team members.

22. On August 3, 2022, Plaintiff went to the emergency room due to stiffness, severe pain, and numbness in her back that resulted from a pinched cervical nerve.

23. That same day, Plaintiff commenced an FMLA-protected medical leave of absence.

24. During her medical leave, Plaintiff regularly kept Mason informed of updates in her medical condition, her treatment, her symptoms, and her recovery.

25. On May 31, 2023, Plaintiff informed Mason that she was approved to return to work on June 14, 2023.

26. In connection with her anticipated return, Plaintiff requested the reasonable accommodation of not lifting more than 20 pounds.

27. In response to Plaintiff's requested accommodation, Plaintiff was instructed to wait for further notice from Defendant before she returned to work.

28. On July 13, 2023, Plaintiff was informed that her position was no longer available due to her 20-pound lifting restriction.

29. On July 19, 2023, Plaintiff was informed by Donna Smith, Human Resources, that her position no longer existed. When Plaintiff asked if her position had been filled, Smith refused to answer the question and simply stated that her position was not available.

30. Over the same period of time during which Plaintiff was communicating to Defendant that she had been cleared to return to work, Defendant hired three Logistics Analysts into open position, all reporting to Mason.

31. On July 20, 2023, Plaintiff informed Lynne Keane, Human Resources Business Partner, that she had been cleared to return to work on June 14, 2023, but that Defendant had not allowed her to return.

32. Keane informed Plaintiff that her position had been filled, and that she had to apply for and secure another position if she wanted to remain employed by Defendant. Keane further informed Plaintiff that she had until August 14, 2023 to notify her that she had found another job.

33. On August 21, 2023, Plaintiff applied for a newly-posted Manufacturing Planner position.

34. Plaintiff was qualified for the Manufacturing Planner position.

35. On the same day that she applied for the Manufacturing Planner position, Plaintiff was notified that her employment was terminated, effective August 21, 2023.

36. Plaintiff was not given an interview for the Manufacturing Planner position.

37. Plaintiff's disability (including her recorded history thereof and Defendant's perception of her as a disabled person), her medical leave, and her request for an accommodation were each determinative and/or motivating factors in Defendant's discriminatory and retaliatory treatment of her, including failing to provide a reasonable accommodation for her disability, terminating her employment, and failing to select her for the Manufacturing Planner position to which she applied.

38. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## **COUNT I – ADA**

39. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

40. At all relevant times, Plaintiff was "disabled" within the meaning of the ADA.

41. At all relevant times, Plaintiff had a recorded history of a disability of which Defendant was aware.

42. At all relevant times, Defendant regarded Plaintiff as a disabled individual.

43. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADA.

44. Defendant acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

45. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

46. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory, and unlawful acts unless and until the Court grants the relief requested herein.

47. No previous application has been made for the relief that is requested herein.

## **COUNT II – FMLA**

48. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

49. Plaintiff had worked for Defendant for at least 1,250 hours in the twelve months preceding her need for medical leave as outlined herein.

50. Plaintiff's need for medical leave described herein qualified for protection under the Family and Medical Leave Act.

51. At all relevant times, Defendant was subject to the requirements of the FMLA.

52. By its actions set forth herein, Defendant has violated the FMLA.

53. Plaintiff's exercise of her FMLA right to protected medical leave was considered as a negative factor, and was a motivating and determinative factor in Defendant's retaliatory conduct towards Plaintiff.

54. Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA. Defendant's violations of the FMLA accordingly warrant the imposition of liquidated damages.

55. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory and unlawful acts unless and until the Court grants the relief requested herein.

56. No previous application has been made for the requested relief herein.

### **COUNT III – LAD**

57. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

58. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the LAD.

59. Members of Defendant's upper management were actively involved in and/or willfully indifferent to the discriminatory and retaliatory conduct set forth herein, and their conduct was especially egregious.

60. As a direct and proximate result of Defendant's violations of the LAD, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

61. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

62. No previous application has been made for the relief that is requested herein.

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's discriminatory and retaliatory conduct, and specifically prays that this Court grants the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADA;

(b) declaring the acts and practices complained of herein to be in violation of the FMLA;

(c) declaring the acts and practice complained of herein to be in violation of the NJLAD.

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(f) awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h) awarding liquidated damages to Plaintiff;

(i) awarding punitive damages to Plaintiff;

(j) awarding Plaintiff such other damages and relief as is appropriate under the statutes that form the basis of this matter;

(k) awarding Plaintiff the costs of suit, expert fees and other disbursements, and

reasonable attorneys' fees; and

(l) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

|  |  |
|---|---|
| Dated: July 18, 2025 | CONSOLE MATTIACCI LAW, LLC<br><br>By: _____<br>Daniel S. Orlow, Esquire<br>110 Marter Avenue, Suite 502<br>Moorestown, NJ 08057<br>orlow@consolelaw.com<br>Tel: (215) 545-7676<br>Attorneys for Plaintiff |

# Exhibit A

| CHARGE OF DISCRIMINATION | | AGENCY<br>☐ FEPA<br>☒ EEOC | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | | |

| STATE OR LOCAL AGENCY: | | | |
|---|---|---|---|
| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Jennifer Dean** | | HOME TELEPHONE NUMBER (Include Area Code)<br>[redacted] | |
| STREET ADDRESS<br>1 Teaberry Court | CITY, STATE AND ZIP<br>Marlton, NJ 08053 | | DATE OF BIRTH<br>[redacted] |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Lockheed Martin Corporation** | NUMBER OF EMPLOYEES, MEMBERS<br>> 500 | TELEPHONE (Include Area Code)<br>(856) 722-3322 |
|---|---|---|
| STREET ADDRESS<br>199 Borton Landing Road | CITY, STATE AND ZIP<br>Moorsetown, NJ 08054 | COUNTY<br>Burlington |

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>☐ Race  ☐ Color  ☐ Sex  ☐ Religion  ☐ National Origin<br>☒ Retaliation  ☐ Age  ☒ Disability  ☐ Other (Specify) | DATE DISCRIMINATION TOOK PLACE<br>Earliest            Latest  08/21/2023 |
|---|---|

**The Particulars Are:**

A.  1.  Relevant Work History

I was hired by Respondent on July 30, 2001. I last held the position of Logistics Analyst. I last reported to Colleen Mason, Stockroom/Warehouse Lead. Mason reported to Connie Moody, Manager.

Respondent subjected me to a hostile work environment, failed to select me for positions for which I was qualified and had applied, and terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability, including a medical leave of absence. Respondent assigned my job duties and responsibilities to, and selected for and retained in positions for which I was more qualified, nondisabled employees and/or employees who had not sought reasonable accommodations for a disability, including a medical leave of absence.[a] When I was terminated, I had more than twenty-two (22) years of service at Respondent.

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly competent manner and received positive feedback.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>Date: 1/13/24    Charging Party (Signature): *Jennifer Dean* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---

[a] References herein to a person not having a disability or having sough reasonable accommodations for a disability are all to the best of my knowledge.



**EEOC Charge of Discrimination**
**Initials of Charging Party –**

2. Harm Summary

I have been discriminated against because of my disability (including history of and regarded as) and retaliated against for seeking reasonable accommodations for my disability. Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following.

(a) In or about 2021, I began reporting to Mason.

(b) Mason had no role in my being hired.

(c) I was the only disabled employee, to my knowledge, reporting to Mason.

(d) I was the only employee who had sought reasonable accommodations for a disability, to my knowledge, reporting to Mason.

(e) On August 3, 2022, I went to the emergency room due to stiffness, severe pain, and numbness.

(f) On August 3, 2022, I went out of work on an FMLA-protected medical leave of absence.

(g) Following the above, I underwent a series of tests, appointments, and treatments to determine and relieve what was causing my symptoms.

(h) I kept Mason informed of my doctor's appointments, medical condition, symptoms, and recovery.

(i) On February 10, 2023, I underwent anterior cervical spine surgery.

(j) I continued to keep Mason informed of my doctor's appointments, medical condition, symptoms, and recovery.

(k) On May 31, 2023, in a text message to Mason, I stated that I had the green light from my doctor to return to work on June 14, 2023, and that I was restricted to lifting twenty (20) pounds or less until my next follow-up appointment in August 2023.

(l) On May 31, 2023, my doctor submitted to Respondent's third party administrator my doctor's note, clearing me to return to work on June 14, 2023 and requesting the reasonable accommodation of not lifting more than twenty (20) pounds.

(m) I was able to perform my job duties with the requested reasonable accommodation.

(n) I was instructed to wait until I heard from Respondent before returning to work.

(o) I continued to follow up with Respondent and Respondent's third party administrator regarding my return to work and expressing my desire to return to work.

(p) Respondent failed to permit me to return to work and continued to tell me to wait until I was contacted.

(q) On July 13, 2023, in a phone call with Katherine _____, Case Manager, New York Life, she stated that my position was no longer available due to my twenty (20) pound lifting restriction.

(r) On July 19, 2023, in a phone call with Donna Smith, Human Resources, she stated



EEOC Charge of Discrimination
Initials of Charging Party –

that my position no longer existed. I asked if my position had been filled. Instead of answering my question, she stated that my position was not available.

(s) On July 13 and 19, 2023, in text messages to Mason, I stated that I was told that my position was no longer available to me due to my twenty (20) pound lifting restriction.

(t) Mason told me that Human Resources was handling my situation.

(u) Respondent failed to reasonably accommodate me for my disability.

(v) Respondent failed to engage in an interactive process to determine what accommodations were necessary and/or reasonable.

(w) Respondent hired three (3) Logistic Analyst employees into open positions, reporting to Mason, during the same time period that I was communicating to Respondent that I had been cleared by my doctor to return work in my Logistic Analyst position.

(x) In July 2023, in phone calls with Katherine _____, she told me that my situation was not being handled appropriately by Respondent.

(y) On July 20, 2023, in a phone call with Lynn Keane, Human Resources Business Partner, I stated that I had been cleared by my doctor to return to work on June 14, 2023, but that Respondent had not yet permitted me to return. She stated that my position had been filled, and that I had to apply for and secure another position if I wanted to remain employed by Respondent. She stated that I had until August 14, 2023 to notify her that I had found another job; otherwise, my employment with Respondent would be terminated effective August 21, 2023."

(z) On July 20, 2023, in a text message to Mason, I stated that I was told that my position had been filled and that I had no job to return to.

(aa) On July 20, 2023, following the above, in a text message to Mason, I asked her if my position had been filled. I stated that I was being told to look for other jobs. I asked her if she knew of any open positions within the department.

(bb) I received no response to my above text messages.

(cc) I told Mason that I had been applying for open positions at Respondent.

(dd) I continued to follow up with Respondent and Respondent's third party administrator regarding my return to work and expressing my desire to return to work.

(ee) On July 25, 2023, in a letter dated July 20, 2023, from Keane, she stated the following: "A review of your leave status indicates that you were placed on Extended Medical Leave effective February 2, 2023 and that your physician released you to return to work with restrictions effective June 28, 2023. . . . [A] review of current organizational requirements finds the position you held prior to the start of your leave is no longer vacant. . . . If you secure a new position, and can return to work by August 21, 2023, please call me at [203-416-4281] by August 14, 2023 to notify us of your intentions. . . . If you are unable to secure alternate placement prior to the expiration of your leave, your employment with Lockheed Martin will be administratively terminated effective August 21, 2023."

(ff) On July 27, 2023, in an email to Respondent's third party administrator, I stated the following: "I submitted my return to work documents the beginning of June. In speaking with NYLIFE back then I verified that once they rcvd [sic] my Return To Work Form from my Dr that they would then send to their LM liason [sic] who would



**EEOC Charge of Discrimination**
**Initials of Charging Party –**

in turn check to see if my job was available and if not another position was. Last week I was told my position is no longer available from both NYLIFE and LMHR as it was either filled or removed altogether. LM HR has given me until August 21st to find employment at which time if I do not I will be administratively terminated."

(gg) I expressed my desire to return to my same position and/or be selected for and/or transferred to any open position for which I was qualified to remain employed with Respondent.

(hh) On August 21, 2023, I applied for the newly posted Manufacturing Planner Hybrid Telework position. I was qualified for the position.

(ii) On August 21, 2023, following the above, in an email to Keane, I stated that I applied for the posted Manufacturing Planner Hybrid Telework position.

(jj) On August 21, 2023, following the above, in an email from Keane, Respondent terminated my employment, effective immediately. The letter attached to Keane's email stated the following: "As you were notified on July 25, 2023, the position that you held prior to the start of your leave is no longer available. Based on your current status, this letter is to notify you that your employment with Lockheed Martin has been administratively terminated effective August 21, 2023, pursuant to CRX-534."

(kk) On August 21, 2023, following the above, in an email to Keane, I stated the following: "I sent an email this morning with regards to a job that posted on the 17th that I have applied for. Am I to still contact you when I apply for LM positions or is that support no longer provided."

(ll) On August 21, 2023, following the above, in an email from Keane, she stated that she would "send a note to the recruiter."

(mm) I received no further communication from Respondent regarding my application for the Manufacturing Planner Hybrid Telework position.

(nn) Respondent failed to interview me for the Manufacturing Planner Hybrid Telework position.

(oo) Respondent failed to select me for the Manufacturing Planner Hybrid Telework position.

(pp) I received no explanation, including the selection criteria, as to why I was not selected for the Manufacturing Planner Hybrid Telework position.

(qq) Respondent failed to select me for the Manufacturing Planner Hybrid Telework position because of my disability and/or my seeking reasonable accommodations for my disability, including a medical leave of absence.

(rr) Respondent failed to select me for or transfer me to any position for which I was qualified because of my disability and/or my seeking reasonable accommodations for my disability, including a medical leave of absence.

(ss) Respondent refused to permit me to return to work because of my disability and/or my seeking reasonable accommodations for my disability, including a medical leave of absence.

(tt) Respondent terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability, including a medical leave of absence.



**EEOC Charge of Discrimination**
**Initials of Charging Party –**

(uu) Respondent subjected me to a hostile work environment because of my disability and/or my seeking reasonable accommodations for my disability, including a medical leave of absence.

(vv) I had no opportunity to remain employed with Respondent.

(ww) I was the only employee reporting to Mason, out of six (6) Logistic Analyst employees, who was terminated effective August 21, 2023.

(xx) Respondent retained less qualified, nondisabled employees with less service time than me who had not sought reasonable accommodations for a disability in positions for which I was more qualified.

(yy) Respondent replaced me with and assigned my job duties and responsibilities to nondisabled employees who had not sought reasonable accommodations for a disability. I was more qualified to perform my job duties and responsibilities than the nondisabled employees who had not sought reasonable accommodations for a disability with whom I was replaced and to whom my job duties and responsibilities were assigned.

(zz) I had no performance or disciplinary issues throughout my more than twenty-two (22) years of employment with Respondent.

(aaa) Before I disclosed to Respondent my disability and need for reasonable accommodations, including a medical leave of absence, for my disability, I had no indication that my job was in jeopardy.

(bbb) Respondent recently hired and/or promoted nondisabled employees in positions for which I was more qualified.

(ccc) Respondent's disability discriminatory and retaliatory conduct toward me has caused me emotional distress.

(ddd) Respondent did not target or treat in the same way similarly situated nondisabled employees and/or employees who had not sought reasonable accommodations for a disability.

B.  1.  Respondent's Stated Reasons

(a) Respondent's stated reasons for terminating my employment are pretext for disability discrimination and/or retaliation for my seeking reasonable accommodations for my disability, including a medical leave of absence.

(b) Respondent offered no explanation for failing to select me for any open position for which I was qualified.

(c) Respondent offered no explanation for subjecting me to a hostile work environment because of my disability and/or seeking reasonable accommodations for my disability.

(d) Respondent offered no explanation for failing to reasonably accommodate me for my disability.

(e) Respondent offered no explanation for failing to engage in an interactive process to determine what accommodations were necessary and/or reasonable.



**EEOC Charge of Discrimination**
**Initials of Charging Party –**

(f) Respondent's stated reasons for refusing to permit me to return to work following my medical leave of absence are pretext for disability discrimination and/or retaliation for my seeking reasonable accommodations for my disability, including a medical leave of absence.

C. 1. Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my disability (including history of and regarded as) and retaliated against me based on my seeking reasonable accommodations for my disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"), as set forth herein.

# Exhibit B

Case 1:25-cv-13479-RMB-SAK    Document 1    Filed 07/18/25    Page 19 of 19 PageID: 19



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/23/2025

**To:** Jennifer Dean
▮▮▮▮▮▮▮▮▮
Marlton, NJ 08053
Charge No: 530-2024-02816

EEOC Representative and telephone number:

Legal Unit
(267) 589-9707

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 530-2024-02816.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
04/23/2025
Karen McDonough
Deputy Director